U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 1 9 2015

TONY R. MOORE, CLERK
BY _____
               DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

GARY WAYNE ANDERSON (#335142)        DOCKET NO. 15-CV-407; SEC. P

VERSUS                               JUDGE DRELL

CLARENCE HALL, ET AL.                MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff Gary Wayne Anderson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Concordia Parish Correctional Facility in Ferriday, Louisiana. He named as defendants Police Captain Clarence Hall, Assistant District Attorney Brad Magett, and District Attorney Brad Burget. He complains that he was wrongfully arrested and his parole improperly revoked. He asks that criminal charges be implemented against the defendants, that his parole be reinstated, and that he receive monetary compensation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff was arrested on September 2, 2014, for conspiracy, armed robbery, and first degree murder. [See Gary Anderson v. Gene Allen, et al., 1:15-cv-1217] His case was presented to a grand jury on December 11, 2014, which returned a "no true bill." Plaintiff

alleges that the warrants issued in his case were fraudulent, and that there was no probable cause for his arrest. He claims that the identification of Plaintiff as the assailant was coerced. He alleges that District Attorney Brad Burget filed a fictitious bill of information in addition to other false reports. Plaintiff alleges that the false charges caused him to be chased with a firearm by the victim's fammily members. Because Plaintiff felt threatened, he absconded and was later charged with a parole violation. His parole was revoked, and he is in custody again. Plaintiff asks that his parole be reinstated, in addition to his request for damages for defamation of character.

### *Law and Analysis*

**1.  Criminal Prosecution**

Plaintiff asks that criminal charges be lodged against the defendants. Plaintiff has no constitutional right to have someone criminally prosecuted. <u>Oliver v. Collins</u>, 914 F.2d 56, 60 (5th Cir. 1990). A federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted. <u>Nader v. Saxbe</u>, 497 F.2d 676, 679 (D.C. Cir. 1974). Nor may a court order prosecution of individuals at the instance of private persons. <u>Id.</u> at n. 18. The decision whether or not to bring criminal charges rests solely with the prosecutor, and the decision will not give rise to section 1983 liability. <u>See also Oliver</u> 914 F.2d at 601; <u>United States v.</u>

2

Carter, 953 F.2d 1449, 1462 (5th Cir. 1992); Williams v. Hartje, 827 F.2d 1203, 1209 (8th Cir. 1987).

**2.   Prosecutorial Immunity**

Plaintiff's claims for damages against the district attorney and assistant district attorney for Concordia Parish are barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).

Plaintiff's claim against the Assistant District Attorney is based on his conduct as a state advocate and he is therefore entitled to absolute prosecutorial immunity. See Imbler, 424 U.S. at 430 (absolute immunity protected prosecutor from suit for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

**3.   Parole Revocation**

Plaintiff seeks release from custody through the reinstatement of his parole. Such relief is not available by way of a civil rights action. "A habeas petition, ... is the proper vehicle to seek release from custody." Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); see also Cook v. Texas Dept. of Criminal Justice

Planning Dept., 37 F.3d 166, 168 (5th Cir.1994) (holding that habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). Federal habeas relief is generally unavailable to litigants until they have exhausted available state court remedies. In order to satisfy the exhaustion requirement, the party seeking habeas relief must have provided all state courts that could review the matter with a fair opportunity to review all of his habeas corpus claims before a federal court will review those claims. Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 277 (1982); Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509 (1971).

To the extent that Plaintiff seeks monetary damages for his incarceration pursuant to the revocation of his parole, his claim should be dismissed because success on the merits would necessarily imply the invalidity of his confinement. See Heck v. Humphrey, 512 U.S. 477 (1994).

**4.  Defamation**

A §1983 defamation claim requires a specific type of damage. Injury to a person's reputation alone does not create a constitutional violation. See Paul v. Davis, 424 U.S. 693, 701-02 (1976) (holding that injury to reputation alone is not a constitutional violation); Thomas v. Kipperman, 846 F.2d 1009, 1010 (5th Cir. 1988)("More must be involved than defamation to establish a § 1983 claim under the fourteenth amendment."). A plaintiff must

allege harm to a tangible interest to establish a §1983 violation. <u>Siegert v. Gilley</u>, 500 U.S. 226 (1991); <u>Thomas</u>, 846 F.2d at 1010 Plaintiff has alleged no harm to a tangible interest.

**5.  False Arrest**

Although Plaintiff did not specifically raise the Fourth Amendment in his complaint, it appears that he is attempting to assert a claim for false arrest deriving from the clearly established Fourth Amendment right to be free from unreasonable seizure of his person. <u>See</u> <u>Deville v. Marcantel</u>, 567 F.3d 156, 164 (5th Cir.2009) (per curiam). To prevail on this claim, Plaintiff must sufficiently allege and prove that "(1) ... he was arrested, and (2) the arrest did not have the requisite probable cause." <u>Rhodes v. Prince</u>, 360 F. App'x 555, 558 (5th Cir.2010) (per curiam) (<u>citing</u> <u>Haggerty v. Tex. S. Univ.</u>, 391 F.3d 653, 655-56 (5th Cir. 2004)).  In order to determine the appropriate course of action for his claim, the false arrest claim will be served on defendant Clarence Hall.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED** with prejudice as frivolous and for failing to state a claim for which relief may be granted under 28 U.S.C. §1915A and §1915(e)(2)(b), **<u>except for Plaintiff's false arrest claim against Clarence Hall.</u>**

**Under   the   provisions   of   28   U.S.C.   §636(b)(1)(c)   and**

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 19 day of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6